IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-00177-MSK-BNB

BENJAMIN ABEYTA,

    Petitioner,

v.

AL ESTEP, Warden, L.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

**OPINION AND ORDER OVERRULING OBJECTIONS TO RECOMMENDATION AND DENYING APPLICATION FOR WRIT OF HABEAS CORPUS**

THIS MATTER comes before the Court on the Magistrate Judge's Recommendation **(#28)** that the Petitioner's Application for a Writ of Habeas Corpus **(#2)** be denied, to which the Petitioner has objected **(#30, #32)**. Having considered the matter *de novo*, the Court finds and concludes as follows.

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2254.

### II. Background

The Petitioner, Benjamin Abeyta, is a state prisoner incarcerated at the Limon Correctional Facility in Limon, Colorado. Respondent Al Estep is the Warden of such facility. On August 10, 1998, Mr. Abeyta was convicted by a jury in the Denver County District Court of second-degree burglary and theft, as well as five habitual criminal counts. He was sentenced to 48 years imprisonment and remanded to the custody of the Colorado Department of Corrections.

Mr. Abeyta appealed his conviction to the Colorado Court of Appeals. On appeal, he argued that: (1) the trial court abused its discretion in denying his motion for a mistrial premised upon an alleged discovery violation pertaining to the prosecution's failure to disclose that the victim had been shown a black-and-white photographic lineup instead of a color photographic lineup; (2) the trial court abused its discretion in granting the prosecutor's challenge for cause to a prospective juror; and (3) the trial court erred in finding that he was an habitual criminal because the five habitual criminal counts in the information failed to allege judgments of conviction under state law, and the prosecution failed to present sufficient evidence to support three of these counts.

The Colorado Court of Appeals denied his appeal. It ruled that the trial court did not err in denying the motion to dismiss or for a new trial because neither photographic lineup was unduly suggestive. It also ruled that any error in excusing the juror for cause was harmless because the prosecution did not use all of its allotted peremptory challenges. It then rejected Mr. Abeyta's challenge to his habitual criminal adjudication, stating that it was based upon four prior guilty pleas and one conviction following a trial. It concluded that any defects in the information were harmless and that the prosecution satisfied its burden of proving the habitual criminal counts.

Mr. Abeyta then sought *certiorari* review from the Colorado Supreme Court. In his Petition for Writ of Certiorari, he argued: (1) the trial court erred in failing to sanction the prosecution for a discovery violation; (2) the trial court abused its discretion when it granted the prosecution's challenge for cause to a prospective juror over the objection of the defense; and (3) the trial court erred when it found that Mr. Abeyta was previously convicted of five felonies. The Colorado Supreme Court declined *certiorari* review.

Mr. Abeyta later sought post-conviction relief in the trial court. His post-conviction motion is not part of the Court's record.[1] The trial court denied his post-conviction motion.

Mr. Abeyta appealed the denial of the post-conviction motion to the Colorado Court of Appeals. He argued: (1) the trial court erred in denying his *pro se* attempt at post-conviction relief without appointing counsel, conducting an evidentiary hearing, or making conclusions of law; (2) he was denied the effective assistance of counsel because trial counsel failed to request a change of venue after the judge demonstrated bias, present exculpatory evidence of Mr. Abeyta's daily habits, investigate the case, and properly request suppression of his confession; (3) he was denied his rights under the Sixth and Fourteenth Amendments to have a jury determine whether he is an habitual criminal; (4) the trial court erred by not suppressing evidence obtained as a result of his illegal arrest or dismissing the case; and (5) the trial court erred by not suppressing statements he made to the police, resulting in a violation of his Fifth and Fourteenth Amendment rights.

The Colorado Court of Appeals ruled that an habitual criminal determination does not need to be made by a jury because "the fact of a prior conviction," under *Apprendi v. New Jersey,* 530 U.S. 466 (2000), is not something which a jury must determine. It also concluded that the trial court did not err by refusing to suppress evidence or statements, because Mr. Abeyta's arrest was legal and the statements he made were not the product of interrogation. Finally, it concluded

---

[1] Mr. Abeyta sought leave to supplement the record to include his post-conviction motion and the trial court's ruling on such motion. The Magistrate Judge denied his request. Therefore, for purposes of this ruling the Court presumes that the arguments asserted in Mr. Abeyta's subsequent brief to the Colorado Court of Appeals were also asserted in his post-conviction motion. Mr. Abeyta has provided a copy of the trial court's order denying his post-conviction motion with his traverse, and the Court has considered it.

that Mr. Abeyta did not establish that he was deprived of the effective assistance of counsel because he offered no facts to support such assertion.

Mr. Abeyta again sought *certiorari* review from the Colorado Supreme Court. In his Petition for Writ of Certiorari, he raised the following issues: (1) whether he was entitled to a jury determination on the habitual criminal issue; (2) whether he was denied a fair trial when the trial court refused to suppress evidence gained during his illegal arrest; (3) whether his Fifth Amendment rights were violated when his inculpatory statements were introduced at trial; (4) whether he was denied the effective assistance of counsel at trial; (5) whether he had a constitutional right to the effective assistance of counsel in pursuit of post-conviction relief; (6) whether he is entitled to liberal construction of his *pro se* filings; (7) whether he can raise issues in a post-conviction motion which he could have raised on direct appeal; and (8) whether the failure to raise issues on direct appeal constituted the ineffective assistance of counsel. The Colorado Supreme Court denied his request for *certiorari* review.

Mr. Abeyta now seeks a writ of habeas corpus from this Court. He challenges his conviction, not his sentence, and asserts the following claims in his Application:

Claim 1: Mr. Abeyta was denied a fair trial in violation of the Fourteenth Amendment because the State failed to disclose exculpatory evidence, in particular, a color photograph of a line-up which it offered at trial in lieu of a black-and-white photograph.

Claim 2: Mr. Abeyta's Fifth, Sixth and Fourteenth Amendment rights were violated when a juror named "Decket" was excused for cause at the prosecution's request, over the defense objection, and without allowing defense counsel to rehabilitate the juror.

Claim 3: Mr. Abeyta's Fourteenth Amendment right to due process was violated because there was insufficient evidence to support the determination that he was an habitual criminal under § 16-13-103(4)(b), C.R.S. (now § 18-1.3-803(4)(b), C.R.S.).

Claim 4: Mr. Abeyta's Fifth, Sixth and Fourteenth Amendment rights were violated

because there was no jury determination as to whether he was an habitual criminal.

Claim 5: Mr. Abeyta's Fifth and Fourteenth Amendment rights were violated because the trial court admitted an incriminating statement he made after invoking his rights to remain silent and to an attorney.

Claim 6: Mr. Abeyta's Sixth and Fourteenth Amendment rights to the effective assistance of counsel were violated because his trial counsel failed to properly investigate his case, to discover exculpatory alibi evidence, and to request a change of venue or recusal of a biased trial judge.

Claim 7: Mr. Abeyta's Fourteenth Amendment rights were violated because he was denied any assistance of counsel in post-conviction proceedings.

In their Answer **(#9)** to the Application, the Respondents argue that Claims 1, 2, 3, 6, and 7 are unexhausted. They also argue that Claims 4 and 5 should be denied on the merits.

The Magistrate Judge recommends that the Application be denied. He first concludes that Mr. Abeyta failed to exhaust state court remedies as to Claims 1, 2 and 3 and that such claims are procedurally defaulted because they could not be presented to the state court at this juncture. He also concludes that Mr. Abeyta has not shown cause for the procedural default and resulting prejudice, or that there will be a fundamental miscarriage of justice if such claims are not considered on the merits. He then concludes that Claims 4, 5, 6 and 7 should be denied on the merits. Mr. Abeyta objects to the Recommendation in its entirety.

### III. Issue Presented

The Court must determine whether Mr. Abeyta is entitled to habeas relief on any of his Claims.

### IV. Analysis of Habeas Claims

Because Mr. Abeyta objects to the Recommendation, the Court reviews his Claims *de novo*. 28 U.S.C. § 636(b)(1)(C); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996). Mr. Abeyta is *pro se*, therefore the Court construes all of his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**A.  Exhaustion of Claims and Procedural Default**

A habeas petitioner is generally required to exhaust his state court remedies before seeking habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that a petitioner must give the state courts a fair opportunity to act on his claims before he presents them to a federal court in a habeas petition. *See id.* at 842, 844. To do so, a petitioner must invoke one complete round of the state's established appellate review process. *See id.* at 845. Claims not included in a petition for discretionary review to the state's highest court are not exhausted and, if they are time-barred under state law, they are procedurally defaulted and not subject to review on the merits. *See Gonzales v. McKune*, 279 F.3d 922, 924 (10th Cir. 2002).

For a claim to be fairly presented to the state court, it must be presented as a federal claim. *See Duncan v. Henry,* 513 U.S. 364, 365-66 (1995); *Hawkins v. Mullin,* 291 F.3d 658, 673-74 (10th Cir. 2002). It is not enough that all facts necessary to support the claim were presented or that a somewhat similar claim was made. *See Miranda v. Cooper*, 967 F.2d 392, 397 (10th Cir. 1992).

A procedural bar may be excused upon a showing of cause and actual prejudice or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). "Cause" usually requires a showing of an external impediment which prevented a petitioner from raising the claim. *See Murray v. Carrier*, 477 U.S. 478, 492 (1986). A fundamental miscarriage

6

of justice is an extraordinary circumstance which occurs when a constitutional violation probably has caused the conviction of one innocent of the crime. *See McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

The ineffective assistance of counsel can, in some circumstances, constitute cause for a procedural default. However, it must be presented to the state courts as an independent claim before it may be used to establish cause. *See Murray*, 477 U.S. at 489; *see also Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).

Mr. Abeyta acknowledges that Claims 1 through 3 were not fairly presented to the state courts. Although he asserted similar claims, he did not alert the state courts that he was asserting federal claims. He asks the Court to stay this case to allow him to present these claims to the state courts. However, it now would not be possible for him to obtain review of these claims in state court because more than three years have passed since the conclusion of his direct appeal in April 2000. § 16-5-402(1), C.R.S.; *People v. Metcalf,* 979 P.2d 581, 583 (Colo. App. 1999). Therefore, the claims are procedurally barred.

Mr. Abetya contends that Claims 1 through 3 were not presented as federal claims because he was deprived of the effective assistance of counsel during his direct appeal. However, he did not present a claim of ineffective assistance of counsel on this basis to the state courts. Therefore, he has not established cause for the procedural default. He also has not shown that there will be a fundamental miscarriage of justice if these claims are not considered on the merits. Therefore, the Court does not consider the merits of Claims 1 through 3.[2]

---

[2] Pursuant to 28 U.S.C. § 2254(b)(2), the Court does not consider whether Claims 4 through 7 are procedurally defaulted.

**B. Merits Review of Claims 4 Through 7**

<u>Standard of Review</u>

The Court reviews Mr. Abeyta's Claims under 28 U.S.C. § 2254(d), which provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court's decision is "contrary to" Supreme Court precedent if it applies a rule that contradicts a Supreme Court case or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. *See Early v. Packer*, 537 U.S. 3, 8 (2002) (quoting from *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). A decision involves an "unreasonable application" of Supreme Court precedent if the state court applied the precedent in an objectively unreasonable manner. *See Price v. Vincent*, 538 U.S. 634, 641 (2003) (quotation omitted). Any factual findings made by the state court are presumed to be correct, and it is Mr. Abeyta's burden to rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Rice v. Collins*, _ U.S. _, 126 S. Ct. 969 (2006).

<u>Claim 4</u>

Mr. Abeyta alleges that his Fifth, Sixth and Fourteenth Amendment rights were violated

because the trial judge, rather than a jury, concluded that he was an habitual criminal. The Colorado Court of Appeals rejected this claim, stating that under *Apprendi*, *supra*, Mr. Abeyta was not entitled to a jury determination as to the fact of his prior convictions.

Such determination was not contrary to, nor an unreasonable application of, any decision of the United States Supreme Court. Indeed, it accurately characterized and was consistent with *Apprendi*.

Mr. Abeyta asserts that this Court should consider the Supreme Court's recent decision in *Blakely v. Washington*, 542 U.S 296 (2004), in determining this claim. However, as the Tenth Circuit explained in *United States v. Price*, 400 F.3d 844 (10th Cir.), *cert. denied*, _ U.S. _, 126 S. Ct. 731 (2005), *Blakely* is not retroactively applicable to convictions which became final prior to such decision.

### Claim 5

Mr. Abeyta claims that his Fifth and Fourteenth Amendment rights were violated because the trial court admitted an incriminating statement he made after he invoked his rights to remain silent and to an attorney. The Fifth Amendment to the United States Constitution guarantees that no person can be compelled to testify against him or herself in a criminal case. *See Harris v. New York*, 401 U.S. 222, 225 (1971); *United States v. Simpson*, 7 F.3d 186, 190 (10th Cir. 1993). A confession or admission made during custodial interrogation, but in the absence of legal counsel, can be admitted against a criminal defendant only if the defendant has waived his constitutional rights. *See Dickerson v. United States*, 530 U.S. 428, 431-32, 444 (2002). Interrogation occurs when law enforcement officers make statements or take actions which are reasonably likely to elicit an incriminating response. *See Fox v. Ward,* 200 F.3d 1286, 1298 (10th Cir. 2000) (relying

upon *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980)).

The state courts rejected this claim on the basis that there was no interrogation and Mr. Abeyta's statements were volunteered. Such decision is neither contrary to, nor an unreasonable application of, any decision of the United States Supreme Court.

Mr. Abeyta requests an evidentiary hearing on this claim. However, none is required. According to Mr. Abeyta, the trial court listened to testimony from Mr. Abeyta and a detective. The judge decided not to believe Mr. Abeyta's testimony and instead believed the detective's version of events – that Mr. Abeyta's statements were volunteered and not the result of interrogation.[3]

The Court presumes the trial court's factual findings are correct, and Mr. Abeyta has identified no clear and convincing evidence to rebut them. Based upon his characterization of what occurred, the Court cannot conclude that the trial court's factual findings were unreasonable in light of the evidence presented.

### Claim 6

Mr. Abeyta claims that his Sixth and Fourteenth Amendment rights to the effective assistance of counsel were violated because his trial counsel failed to properly investigate his case, to discover alibi evidence, and to request a change of venue or recusal based upon the trial judge's bias. The Sixth Amendment to the Constitution guarantees the effective assistance of counsel to defendants in criminal cases. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). When a convicted individual contends that he has been denied the effective assistance of counsel, the

---

[3] A transcript of such hearing is not in the record. Therefore, the Court considers Mr. Abeyta's characterization of what occurred to be accurate.

Court evaluates "whether counsel's conduct so undermined the proper functioning of the adversarial process" that the conviction is not just. *See id.* This entails a two-pronged analysis: (1) the petitioner must show that counsel's performance was deficient because it fell below an objective standard of reasonableness; and (2) the petitioner must show that he was prejudiced by the deficiency because "but for" the deficiency, the result of the proceeding would have been different. *See id.* at 687, 694. In undertaking this analysis, the Court must be highly deferential to the strategic decisions made by defense counsel, and there is a strong presumption that counsel's conduct was reasonable. *See id.* at 689-90. A petitioner's failure to establish either deficient performance or prejudice is an independently sufficient basis for denying an ineffective assistance of counsel claim. *Id.* at 697.

The state courts rejected this claim because Mr. Abeyta failed to support it with specific factual allegations. Such determination was not contrary to, nor an unreasonable application of, any Supreme Court decision. Mr. Abeyta failed to identify any specific shortcoming in his defense counsel's performance or any specific facts demonstrating bias on the part of the trial judge to rebut the presumption that his counsel acted reasonably.

**Claim 7**

Mr. Abeyta claims that his Fourteenth Amendment rights were violated because he was denied any assistance from counsel during post-conviction proceedings. Because there is no constitutional right to the assistance of counsel in post-conviction proceedings, this claim lacks merit. *See Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987).

**IT IS THEREFORE ORDERED** that:

(1)   Mr. Abeyta's Objections **(#30, #32)** to the Recommendation **(#28)** are

**OVERRULED**.

(2) The Application for a Writ of Habeas Corpus **(#2)** is **DENIED**.

(3) The Clerk of Court is directed to close this case.

Dated this 20th day of April, 2006

                **BY THE COURT:**

                */s/ Marcia S. Krieger*
                Marcia S. Krieger
                United States District Judge